UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
GERARD HATCH,

                Plaintiff,
                                           MEMORANDUM & ORDER
    -against-                     14-CV-03628(JS)(GRB)

JOHN DOES #1-#5,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:       Gerard Hatch, pro se
                        343177
                        Suffolk County Correctional Facility
                        110 Center Drive
                        Riverhead, NY 11901

For Defendants:     No appearances.

SEYBERT, District Judge:

      On June 6, 2014, incarcerated pro se plaintiff Gerard Hatch ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against five unidentified individuals all of whom are alleged to be Suffolk County police officers assigned to the "3rd Precinct 5th Ave[.]" in Brentwood (Compl. ¶ III) (together, "Defendants"), accompanied by an application to proceed in forma pauperis.

      Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. Accordingly, the Court ORDERS service of the Summonses

and Complaint upon the Defendants by the United States Marshal Service ("USMS").

However, the USMS will not be able to effect service of the Summonses and the Complaint on the Defendants without more information. The Second Circuit has held that district courts must provide incarcerated pro se litigants with reasonable assistance in investigating the identity of such "John Doe" defendants. See Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997) (per curiam). Accordingly, the Court ORDERS that the Clerk of the Court serve a copy of the Complaint together with this Order on the Suffolk County Attorney. The Suffolk County Attorney's Office is requested to attempt to ascertain the full names of the unnamed police officers who are described in the Complaint (see Compl. ¶¶ III-IV) and to provide to the Court and to Plaintiff their names and the address(es) where these individuals can be served within thirty (30) days of the date that this Order is served upon it. Once the information is provided to the Court by the Suffolk County Attorney's Office, Plaintiff's Complaint shall be deemed amended to reflect the full names of the Defendants, Summonses shall be issued as to the Defendants, and the USMS shall serve them. The Suffolk County Attorney need not undertake to defend or indemnify these individual at this juncture. This Order merely provides a means by which Plaintiff may properly name and serve the Defendants as instructed by the Second Circuit in Valentin.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed <u>in forma pauperis</u> is GRANTED and the Court ORDERS service of the Summonses and Complaint upon the Defendants by the USMS. The Clerk of the Court is further ORDERED to serve a copy of the Complaint together with this Order on the Suffolk County Attorney and the Suffolk County Attorney's Office is requested to attempt to ascertain the full names of the unidentified Suffolk County police officers who are described in the Complaint and to provide their names and address(es) where the Defendants can be served to the Court and to Plaintiff within thirty (30) days of the date that this Order is served upon it. Once the information is provided to the Court by the Suffolk County Attorney's Office, Plaintiff's Complaint shall be deemed amended to reflect the full names of the Defendants, Summonses shall be issued as to the Defendants, and the USMS shall serve them.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is DENIED for the purpose of any appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the <u>pro se</u> Plaintiff.

SO ORDERED.

Dated: June __23__, 2014      /s/ JOANNA SEYBERT_____
       Central Islip, New York    Joanna Seybert, U.S.D.J.

3