```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
GERARD HATCH,

                    Plaintiff,

         -against-                        MEMORANDUM & ORDER
                                          14-CV-3628(JS)(GRB)
JOHN DOE 1, JOHN DOE 2, P.O.
JOSEPH BIANCO, P.O. GEORGE
TRIMIGLIOZZIA, and P.O. MICHAEL
TENETY,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Gerard Hatch, pro se
                    No. 14R3279
                    Gowanda Correctional Facility
                    P.O. Box 311
                    Gowanda, NY 14070-0311


For Defendants:     Brian C. Mitchell, Esq.
                    Suffolk County Dept. of Law-County Attorney
                    100 Veterans Memorial Highway
                    P.O. Box 6100
                    Hauppauge, NY 11788
```

SEYBERT, District Judge:

Pending before the Court is Magistrate Judge Gary R. Brown's Report and Recommendation ("R&R") dated November 17, 2015, recommending that this Court deny Defendants' letter motion to dismiss this action for lack of prosecution. For the following reasons, the Court ADOPTS Judge Brown's R&R in its entirety.

## BACKGROUND

This action was commenced on June 6, 2014 by plaintiff Gerard Hatch ("Plaintiff") against defendants John Doe 1, John Doe

2, John Doe 3, John Doe 4, and John Doe 5.  (Compl., Docket Entry 1.)  The Complaint was subsequently deemed to reflect the full names of Suffolk County police officers P.O. Joseph Bianco, P.O. George Trimigliozzi, and P.O. Michael Tenety (collectively, "Defendants") as defendants in this action.  (Docket Entry 10.)  The Complaint appears to assert a violation of 42 U.S.C. § 1983 in connection with a March 10, 2014 incident where Plaintiff was allegedly beaten by the Defendants while he was handcuffed.  (Compl. at 4.)

On June 23, 2015, Defendants moved to dismiss this action for lack of prosecution.  (Docket Entry 18.)  Defendants allege that Plaintiff has failed to file his preliminary narrative statement, final narrative statement, and witness list as required by the Scheduling Order in this action.  (Defs.' Ltr., Docket Entry 18, at 1.)  Defendants also allege that Plaintiff failed to update his present address, which they believe is at the Gowanda Correctional Facility in Gowanda, New York.  (Defs.' Ltr. at 1-2.)  Additionally, Defendants request that Plaintiff be precluded from introducing evidence at trial in the event that their motion to dismiss is denied.  (Defs.' Ltr. at 2.)

On October 8, 2015, the undersigned referred Plaintiff's motion to Judge Brown for an R&R on whether Defendants' motion should be granted.  (Docket Entry 19.)

On November 17, 2015, Judge Brown issued his R&R by Electronic Order. The R&R recommends the following: (1) that Plaintiff be given one final opportunity to provide Defendants with his preliminary narrative statement, final narrative statement, and witness list by January 18, 2016, with the parties filing a joint proposed pretrial order by February 17, 2016; and (2) that Plaintiff be directed to update his current address on file with this Court. The R&R further recommends that any future failures of the Plaintiff to comply with the Court's directives will result in sanctions up to and including a dismissal of this case for failure to prosecute.

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Brown's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

CONCLUSION

Judge Brown's R&R dated November 17, 2015 is ADOPTED in its entirety.  The Defendant is directed to serve a copy of this Memorandum & Order on Plaintiff and file proof of service.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December __9__, 2015
       Central Islip, New York