```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
GERARD HATCH,

                    Plaintiff,

        -against-                              MEMORANDUM & ORDER
                                               14-CV-3628(JS)(GRB)
JOHN DOE 1, JOHN DOE 2, P.O. JOSEPH
BIANCO, P.O. GEORGE TRIMIGLIOZZIA,
and P.O. MICHAEL TENETY,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Gerard Hatch, pro se
                    No. 14R3279
                    Gowanda Correctional Facility
                    P.O. Box 311
                    Gowanda, NY 14070


For Defendants:     Brian C. Mitchell, Esq.
                    Suffolk County Dept. of Law-County Attorney
                    100 Veterans Memorial Highway
                    P.O. Box 6100
                    Hauppauge, NY 11788
```

SEYBERT, District Judge:

        Pending before the Court is Magistrate Judge Gary R. Brown's Report and Recommendation dated March 28, 2016 (the "Second R&R") recommending that this Court grant Defendants' letter motion to dismiss this action for lack of prosecution. (Sec. R&R, Docket Entry 25.) For the following reasons, the Court ADOPTS Judge Brown's R&R in its entirety.

BACKGROUND

This action was commenced on June 6, 2014 by plaintiff Gerard Hatch ("Plaintiff") against defendants John Doe 1, John Doe 2, John Doe 3, John Doe 4, and John Doe 5. (Compl., Docket Entry 1.) The Complaint was subsequently deemed to reflect the full names of Suffolk County police officers P.O. Joseph Bianco, P.O. George Trimigliozzi, and P.O. Michael Tenety (collectively, "Defendants") as defendants in this action. (Docket Entry 10.) The Complaint appears to assert a violation of 42 U.S.C. § 1983 in connection with a March 10, 2014 incident where Plaintiff was allegedly beaten by Defendants while he was handcuffed. (Compl. at 4.)

On June 23, 2015, Defendants moved to dismiss this action for lack of prosecution. (Docket Entry 18.) On October 8, 2015, the undersigned referred Plaintiff's motion to Judge Brown for a report and recommendation on whether Defendants' motion should be granted. (Docket Entry 19.) On November 17, 2015, Judge Brown issued his report and recommendation by Electronic Order (the "First R&R"). The First R&R recommended that the Court: (1) give Plaintiff one final opportunity to provide Defendants with his preliminary narrative statement, final narrative statement, and witness list by January 18, 2016, with the parties filing a joint proposed pretrial order by February 17, 2016; and (2) direct Plaintiff to update his current address on file with this Court.

The First R&R further recommended that any future failures of Plaintiff to comply with the Court's directives would result in sanctions including a dismissal of this case for failure to prosecute. On December 9, 2015, the Court adopted Judge Brown's First R&R in its entirety (the "December Order"). (Docket Entry 22.)

On January 26, 2016, Defendants filed a second letter motion to dismiss for lack of prosecution. (Defs.' Mot., Docket Entry 24.) Defendants allege that Plaintiff has failed to provide his narrative statements, witness list, or updated address in accordance with the December Order. (Defs.' Mot.) The Court notes that a review of the docket indicates that Plaintiff has not made any filings subsequent to the December Order.

On March 28, 2016, Judge Brown issued the Second R&R. The Second R&R recommends that the Court grant Defendants' motion and dismiss this action with prejudice. (Sec. R&R at 1-2.)

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen (14) days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Brown's Second R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the Second R&R in its entirety.

<u>CONCLUSION</u>

Judge Brown's R&R dated March 28, 2016 (Docket Entry 25) is ADOPTED in its entirety. Defendants' motion to dismiss for lack of prosecution (Docket Entry 24) is GRANTED and this action is DISMISSED WITH PREJUDICE. Defendants are directed to serve a copy of this Memorandum & Order on Plaintiff at his last known address and file proof of service on ECF. The Clerk of the Court is directed to enter judgment accordingly and mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August  2 , 2016
       Central Islip, New York